# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| FRED RAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00042 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motions to proceed in forma pauperis. Plaintiff, an inmate at Moberly Correctional Center, seeks leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $49.79. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $184.04, and an average monthly balance of $248.96. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $49.79, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff seeks to have 28 U.S.C. § 2244(b), a section generally barring second or successive habeas corpus applications without prior permission, declared unconstitutional on the grounds that the standard enunciated in the statute is contrary to the "beyond a reasonable doubt" standard.

Plaintiff is presently incarcerated at the Moberly Correctional Center pursuant to a March 28, 1996 judgment and sentence of the Circuit Court of Saline County.[1] A jury found plaintiff guilty of murder in the second degree, armed criminal action and unlawful use of a weapon. Plaintiff sought state and federal habeas relief after the conviction. See, e.g., Ray v. James Gammon, 03-0596-CV-W-SOW (W.D. Mo. July 28, 2004). Plaintiff was denied a certificate of appealability by the United States Court

---

[1] Originally, plaintiff was convicted in the Circuit Court of Lafayette County, Missouri. Petitioner appealed, and the Missouri Court of Appeals reversed his conviction. State v. Ray, 945 S.W.2d 462 (1997). Plaintiff was retried in the Circuit Court of Saline County, pursuant to a change of venue, and was again convicted of the same crimes.

of Appeals for the Eighth Circuit on March 22, 2005. Plaintiff's application for writ of certiorari to the United States Supreme Court was denied on November 30, 2005.

In the instant action, the crux of plaintiff's argument is that the evidence sufficient to allow for a successive habeas petition when a claim was not presented in a prior application[2] is a higher standard than "proof beyond a reasonable doubt," the standard enumerated for criminal proceedings. Plaintiff asserts he has a "stake in the outcome" of these proceedings because he "has new evidence that would convince a single juror of reasonable mind to vote to acquit him of the offense of second degree murder, armed criminal action and unlawful use of a weapon."

## Discussion

Although titled as a declaratory judgment action, plaintiff is essentially attempting to find a new avenue under which to challenge his 1996 criminal conviction.

---

[2] Plaintiff specifically argues that the standard enunciated in 28 U.S.C. § 2244(b)(2)(B)(i) and (ii) is unconstitutional. That particular portion of the statute states:

A claim presented in a second or successive habeas application under section 2254 that was not presented in a prior application shall be dismissed unless---

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Such an action falls "squarely within [the] traditional scope of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Ordinarily, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed.R.Civ.P. 57. However, when the alternative remedy was expressly created by statute to provide the relief sought, a declaratory judgment should not be granted. See Perez v. Ledesma, 401 U.S. 82, 123 (1971); see also, Katzenbach v. McClung, 379 U.S. 294 (1964); Mowers v. United States Attorney General, 297 F.Supp. 535 (D.C. N.Y. 1969); Clausell v. Turner, 295 F.Supp. 533 (D.C. N.Y. 1969).

The habeas provisions in 28 U.S.C. § 2254 sets forth special statutory proceedings which enable a person in state custody to launch a collateral attack on his conviction, sentence and incarceration. Therefore, it is well settled that "declaratory relief will not be used to attack a criminal conviction if the writ of habeas corpus or a motion to vacate...is available." Wright & Miller, Fed. Practice and Procedure, § 2758 (1998).

As noted above, plaintiff litigated a prior federal habeas corpus action. Thus, he is attempting, with this action, to bring a successive habeas petition under § 2244. To the extent that plaintiff seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that

plaintiff seeks to bring new claims for habeas relief, plaintiff must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Plaintiff has not been granted leave to file a successive habeas petition in this Court and he cannot pursue this action as a request for declaratory judgment. As a result, the case shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**. Plaintiff's motion to proceed in forma pauperis [Doc. #4] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $49.79 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's petition for declaratory judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction to allow a

successive habeas under 28 U.S.C. § 2244. Additionally, the complaint is subject to dismissal because this action is frivolous.

So Ordered this 29th day of July, 2010.

*[signature]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE